**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | § | |
|---|---|---|
| IN RE: | § | CASE NO. 23-10708 |
| | § | |
| MAGNOLIA DREDGE & DOCK, LLC | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | SECTION A |

## MOTION FOR TURNOVER OF PROJECT FUNDS

**NOW INTO COURT**, through undersigned counsel, comes Barbara Rivera-Fulton, trustee of the above-captioned estate ("Trustee"), who avers as follows:

### Background, Jurisdiction and Venue

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 9, 2023.

2. The Trustee is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought herein is 11 U.S.C. §542.

4. The United States Coast Guard ("USCG") is presently holding approximately $419,715.00 in funds related to the dredge of a Boat Basin and Access Channel Project in Grand Isle, LA, referred to as Task Order/Award Number 70Z08222CABCD0004 (the "Project"). The construction work on the Project was completed prepetition by the Debtor, and the USCG has signed off on the satisfactory completion of the work for the Project. The funds being held by the USCG are hereinafter referred to as the "Project Funds."

**Turnover Request**

5. The Project Funds are property of the estate pursuant to 11 U.S.C. §541 and are subject to turnover.

6. Section 542(a) of the Bankruptcy Code provides that an entity in possession of property of the estate "shall" deliver such property to the Trustee. This affirmative duty to surrender estate property is mandatory, arising upon the filing of the bankruptcy petition. *In re Del Mission Limited*, 98 F.3d 1147, 1151 (9th Cir. 1996); *Foust v. Seal (In re Foust)*, 2000 Bankr. LEXIS 1146 *16 (Bankr. S.D. Miss. July 18, 2000).

7. The Trustee has had several discussions with the USCG, the Debtor and its counsel regarding the Project Funds. The USCG does not object to the turnover of the Project Funds and has cooperated with the Trustee in supplying all requested information and documentation related to the Project.

8. The USCG has advised that because of the way the authority for payment is currently maintained and for liability reasons, the USCG will need a Court order with detailed instructions in order to transfer the Project Funds to the Estate. The USCG has further advised that Debtor must resubmit an invoice relating to the Project Funds, and Debtor is cooperating in that request.

9. To that end, any Order authorizing this turnover request will provide the USCG with detailed wire and ACH instructions so that the Project Funds can be easily transferred into the either the Trustee's fiduciary account or undersigned counsel's IOLTA Trust account.

WHEREFORE, for the foregoing reasons, the Trustee prays that after due proceedings are had, this Court enter an Order (i) directing the turnover of the Project Funds held by the USCG

- 3 -

under the terms and conditions set forth in this Motion and (ii) granting such other and further relief as is just.

        Respectfully submitted,

        CHAFFE McCALL, LLP
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2300
        Telephone: (504) 585-7000

        By: */s/ Fernand L. Laudumiey, IV*
           David J. Messina, #18341
           messina@chaffe.com
           Fernand L. Laudumiey, IV, #24518
           laudumiey@chaffe.com
      **Attorneys for Barbara Rivera- Fulton, Trustee**